UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| VICTOR SMALLS<br>Plaintiff, | : :<br>: | PRISONER CASE NO.<br>3:16-cv-2089 (JCH) |
| v. | : : | |
| CARSON WRIGHT et al.,<br>Defendants. | :<br>:<br>: | MAY 19, 2017 |

**RULING ON MOTION FOR TEMPORARY RESTRAINING ORDER (Doc. No. 11)**

On February 16, 2017, the plaintiff, Victor Smalls ("Smalls"), filed a Motion for a Temporary Restraining Order against the defendants, Dr. Carson Wright ("Dr. Wright") and Nurse Vicky Scruggs ("Scruggs") (Doc. No. 11), along with a supporting Memorandum of Law (Doc. No. 11-1). Smalls claims that the injury, on which his Eighth Amendment claim is based, is deteriorating and, if left untreated, will result in permanent physical disability. See Pl.'s Mem. at 4. The injunctive relief he seeks is for specific medical services, including an MRI of his right ankle, an examination by "a qualified orthopedic specialist," and "a prescription for a course of physical therapy that will restore and maintain the full function of his right ankle." Mot. at 1. On March 14, 2017, Dr. Wright and Scruggs submitted a Memorandum of Law in Opposition to Smalls' Motion (Doc. No. 20). For the following reasons, Smalls' Motion is denied.

"The Court has discretion whether to issue a temporary restraining order where specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition and the movant certifies in writing any efforts made to give notice

and the reasons why it should not be required." Oliphant v. Villano, No. 09 Civ. 862 (JBA) (D. Conn. Feb. 11, 2010), 2010 WL 537749, *12 (quoting Fed. R. Civ. P. 65(b)). "The purpose of a temporary restraining order is to preserve an existing situation in statu quo until the court has an opportunity to pass upon the merits of the demand for a preliminary injunction." Garcia v. Yonkers School Dist., 561 F.3d 97, 107 (2d Cir. 2009) (internal quotation marks omitted).

The Second Circuit applies similar standards for temporary restraining orders and preliminary injunctions, "and district courts have assumed them to be the same." See Foley v. State Elections Enforcement Com'n, No. 10 Civ. 1091 (SRU) (D. Conn. Jul. 16, 2010), 2010 WL 2836722, *3 (quoting Allied Office Supplies, Inc. v. Lewandowski, 261 F. Supp. 107, 108 n.2 (D. Conn. 2005)). Preliminary injunctive relief is an extraordinary remedy and is never awarded as a matter of right. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008); Johnson v. Newport Lorillard, No. 01 Civ. 9587 (SAS) (S.D.N.Y. Jan. 23, 2003), 2003 WL 169797, *1. "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Glossip v. Gross, 135 S. Ct. 2726, 2736 (2015) (internal quotation marks omitted). With respect to the "irreparable harm" prong, courts will presume that a movant has established irreparable harm in the absence of injunctive relief when the movant's claim involves the alleged deprivation of a constitutional right. See American Civil Liberties Union v. Clapper, 804 F.3d 617, 622 (2d Cir. 2015). "In deciding a motion for preliminary

injunction, a court may consider the entire record including affidavits and other hearsay evidence." Johnson, 2003 WL 169797, *1.

When the movant seeks a "mandatory injunction," meaning an injunction that will "alter[ ]"—rather than maintain—"the status quo by commanding" some "positive act," the movant must satisfy an even "higher standard" of proof. D.D. ex rel. V.D. v. N.Y. City Bd. of Educ., 465 F.3d 503, 510 (2d Cir. 2006). He "must make a clear or substantial showing of a likelihood of success on the merits." Id. at 510 (internal quotation marks omitted).

In this case, Smalls is alleging a violation of his constitutional protection against cruel and unusual punishment. Thus, the court will presume that a denial of preliminary injunctive relief will result in irreparable harm. See American Civil Liberties Union, 804 F.3d at 622. Smalls is also seeking a "mandatory injunction" in the form of specific services to address his medical needs, which subjects him to the heightened standard of proving a substantial showing of likelihood of success on the merits of his claim. See D.D., 465 F.3d at 510. At this stage of the proceeding, Smalls has not clearly shown a likelihood of success on the merits to warrant preliminary injunctive relief. He has thus far failed to provide evidence that any of the defendants acted with the sufficiently culpable state of mind required to establish a claim of deliberate indifference to medical needs. See Johnson v. Connolly, 378 Fed. App'x. 107, 108 (2d Cir. 2010) (holding that plaintiff failed to show that prison official acted with sufficient culpable intent to obtain injunctive relief); Jones v. Tompkins, No. 12 Civ. 57 (W.D.N.Y. Mar. 5, 2014), 2014 WL 860334, *8 (stating that, to obtain preliminary injunction in form of medical treatment

plaintiff must show that medical condition is "objectively serious" and that defendants acted with deliberate indifference to medical needs); Amaker v. Fischer, No. 10 Civ. 0977A (Sep. 28, 2012), 2012 WL 8020777, *2 (stating that plaintiff's bare allegations of constitutional violations were insufficient to demonstrate likelihood of success on merits for injunctive relief). Smalls has provided an Affidavit (Doc. No. 11-2) stating that Scruggs denied his request to see Dr. Wright because Smalls was not on the list to see Dr. Wright, and that Dr. Wright determined that an MRI was not necessary. See Aff. ¶¶ 10, 15. This evidence does not clearly show that Scruggs or Dr. Wright "knew of and disregarded [Small's] serious medical needs." Chance v. Armstrong, 143 F.3d 698, 703 (2d Cir. 1998); see also United States ex rel. Hyde v. McGinnis, 429 F.2d 864, 867–68 (2d Cir. 1970) (holding that disagreements over treatment between prisoner and physician does not give rise to constitutional violation). Without additional evidence that Scruggs and Dr. Wright acted with deliberate indifference to his medical needs, Smalls cannot establish a likelihood of success on the merits to warrant injunctive relief.

Smalls' Motion for a Temporary Restraining Order (Doc. No. 11) is **DENIED**.

**SO ORDERED** this 19th day of May 2017 at New Haven, Connecticut.

                                       /s/ Janet C. Hall
                                       Janet C. Hall
                                       United States District Judge