**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| VICTOR SMALLS | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | 3:16-cv-2089 (JCH) |
| v. | : | |
| | : | |
| CARSON WRIGHT et al., | : | AUGUST 11, 2017 |
| Defendants. | : | |
| | : | |

**RULING ON DEFENDANTS' MOTIONS TO DISMISS [Doc. Nos. 29 and 34]**

On December 19, 2016, the plaintiff, Victor Smalls ("Smalls"), filed a Complaint

pursuant to title 42, section 1983 of the United States Code against Dr. Carson Wright

("Dr. Wright"), Nurse Vicki Scruggs ("Scruggs"), and two other unnamed nurses at

MacDougall Walker Correctional Institution. Smalls alleged that the four defendants

violated his Eighth Amendment protection against cruel and unusual punishment by

acting with deliberate indifference to his serious medical needs. This court granted

Smalls' Motion to Proceed in forma pauperis on December 22, 2016. See Order (Doc.

No. 6). Thereafter, on February 7, 2017, this court issued its Initial Review Order

dismissing Smalls' claims against the two unnamed nurses pursuant to title 28 section

1915A(b)(1) of the United States Code, but permitting his deliberate indifference claim

to proceed against Dr. Wright and Scruggs in their individual and official capacities.

See Initial Review Order (Doc. No. 8).

On March 7, 2017, Attorney Stephen R. Finucane appeared on behalf of Dr.

Wright and Scruggs in their official capacities only. That same day, this court referred

this case to Hon. Sarah A. L. Merriam for a settlement conference. See Order (Doc.

No. 15). A settlement conference was held on April 5, 2017, but the parties were not

able to reach a settlement. See Order (Doc. No. 28). Thereafter, on April 11, 2017, Dr.

Wright and Scruggs, through counsel, filed their first Motion to Dismiss Smalls'

Complaint. Mot. to Dismiss (Doc. No. 29). Smalls responded to that Motion by written

opposition on April 21, 2017. Opp'n to Mot. to Dismiss (Doc. No. 30). Thereafter, Dr.

Wright and Scruggs were served individually with the Complaint, and Attorney Finucane

filed an appearance on their behalf in their individual capacities. See (Doc. Nos. 31–

33). On May 14, 2017, Dr. Wright and Scruggs, through counsel, filed their second

Motion to Dismiss the Complaint. Mot. to Dismiss (Doc. No. 34). Smalls filed an

Opposition to that Motion on June 6, 2017. Opp'n to Mot. to Dismiss (Doc. No. 38).

The two Motions to Dismiss essentially raise the same arguments regarding Smalls'

Complaint, with minor differences arising from the pursuit of claims against Dr. Wright

and Scruggs in their official versus their individual capacities.[1] As shown below,

because Smalls' Complaint cannot survive either Motion to Dismiss, both Motions to

Dismiss are **GRANTED**.

## I.    STANDARD OF REVIEW

When deciding a motion to dismiss pursuant to Rule 12(b)(6), the court must

determine whether the plaintiff has stated a legally cognizable claim by making

---

[1] In their first Motion to Dismiss, Dr. Wright and Smalls argue that the Eleventh Amendment bars Smalls' claims against them in their official capacities for monetary damages, declaratory relief, and injunctive relief. Mot. to Dismiss [Doc.#29-1] 9-13. In their second Motion, they argue that the Eleventh Amendment bars Smalls' claims against them in their individual capacities for declaratory relief. Mot. to Dismiss [Doc.#34-1] 9-12. This court need not address any of these arguments because, as shown below, Smalls has not sufficiently alleged an Eighth Amendment claim against Dr. Wright or Scruggs.

allegations that, if true, would show that the plaintiff is entitled to relief.  See Bell Atl.

Corp. v. Twombly, 550 U.S. 544, 557 (2007) (interpreting Rule 12(b)(6), in accordance

with Rule 8(a)(2), to require allegations with "enough heft to 'sho[w] that the pleader is

entitled to relief'").  The court takes all factual allegations in a complaint as true and

draws all reasonable inferences in the plaintiff's favor.  Crawford v. Cuomo, 796 F.3d

252, 256 (2d Cir. 2015).  However, the tenet that a court must accept a complaint's

allegations as true is inapplicable to "[t]hreadbare recitals of the elements of a cause of

action, supported by mere conclusory statements."  Ashcroft v. Iqbal, 556 U.S. 662, 678

(2009) (citing Twombly, 550 U.S. at 555).

To survive a motion pursuant to Rule 12(b)(6), "a complaint must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on

its face.'"  Id. (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when

the plaintiff pleads factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged.  The plausibility standard is not

akin to a 'probability requirement,' but it asks for more than a sheer possibility that a

defendant has acted unlawfully."  Id. (quoting Twombly, 550 U.S. at 556).  "Where . . .

the complaint was filed pro se, it must be construed liberally with 'special solicitude' and

interpreted to raise the strongest claims that it suggests."  Hogan v. Fischer, 738 F.3d

509, 515 (2d Cir. 2013) (quoting Hill v. Curcione, 657 F.3d 116, 122 (2d Cir. 2011)).

II.    FACTUAL ALLEGATIONS

The facts, construed in the light most favorable to Smalls, are as follows.

While housed at MacDougall-Walker Correctional Institution ("MacDougall") in 2014, Smalls experienced difficulty getting off the top bunk. Pl.'s Compl. ¶ 11. Smalls is six feet three inches tall and overweight. Id. His height and weight made it difficult for him to use the narrow ladder on the bunk. Id. On December 4, 2014, Smalls submitted a request to the medical department seeking a bottom bunk pass. Id. On December 8, 2014, in response to the request, Smalls was placed on the sick call list. Id. at ¶ 12. That same day, Smalls submitted another request seeking a bottom bunk pass. Id. at ¶ 13. Smalls was not called to the medical unit. Id. at ¶ 14. On December 11, 2014, his request for accommodation was denied. Id.

On December 19, 2014, Smalls slipped on the ladder while getting off the top bunk. Pl.'s Comp. ¶ 15. He fell and twisted his right ankle. Id. Smalls made his way down the stairs to the bottom tier and asked a correctional officer to call for medical assistance. Id. ¶ 16. Smalls was taken to the medical unit by wheelchair. Id. ¶ 17. There, a nurse gave Smalls an ice bag, an ace bandage, a pair of crutches, and a bottle of Motrin. Id. ¶ 18-20. Smalls later submitted a grievance about the incident complaining that he had twisted his ankle because his previous request for a bottom bunk pass had not been addressed. Id. ¶ 21. He attempted to sleep on the floor of his cell but was ordered to sleep in his bunk. Id.

On November 5, 2016, nearly two years after his injury, Smalls was still experiencing pain in his right ankle and, therefore, "wrote a request to [Dr. Wright] about the ankle pain." Pl.'s Comp. ¶ 24. Scruggs responded to his request two days later, telling him that he was on the list to see Dr. Wright. Id. at ¶ 25.

On November 25, 2016, Smalls filed a grievance alleging severe ankle pain that limited him to attending outdoor recreation only once per month. Pl.'s Comp. ¶ 26. He requested an MRI and a consultation with a podiatrist. Id. Four days later, Smalls was told that he did not need an MRI on his ankle because Dr. Wright "said [that] he specializes in feet." Id. at ¶ 27. Scruggs thereafter signed Dr. Wright's name on the grievance disposition and returned the grievance back to Smalls. Id. at ¶ 28.

## III.    ANALYSIS

Smalls claims that the actions of Dr. Wright and Scruggs amounted to deliberate indifference to his serious medical needs, in violation of his Eighth Amendment protection against cruel and unusual punishment. In support of their Motions to Dismiss, Dr. Wright and Scruggs argue that Smalls has failed to state a plausible Eighth Amendment claim because his allegations against them (1) are conclusory with insufficient factual support and (2) amount to nothing more than a disagreement over the proper form of treatment for his injury. Mem. in Supp. of Mot. to Dismiss (Doc. No. 29-1) at 6–9; Mem. in Supp. of Mot. to Dismiss (Doc. No. 34-1) at 6–9. Smalls counters that he has stated a plausible Eighth Amendment claim because "Dr. Wright knowingly persisted in a course of treatment that was ineffective and left [Smalls] in extreme pain and . . . Scruggs knowingly interfered with [Smalls'] ability to receive treatment by diagnosing [Smalls] and . . . forging . . . Dr. Wright's name." Opp'n to Mot. to Dismiss (Doc. No. 38) at ¶ 5. Moreover, Smalls argues that he continues to suffer pain in his ankle, which shows that he did not receive adequate treatment for his injury. Opp'n to Mot. Dismiss (Doc. No. 30) at ¶ 2. He attached to his written opposition the results of

an x-ray performed in December of 2016, which shows that he has "some fragmentation" in his right ankle.  Pl.'s Ex. C, Opp'n to Mot. to Dismiss (Doc. No. 30-2).

Deliberate indifference to serious medical needs occurs when an official knows that an inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.  Harrison v.  Barkley, 219 F.3d 132, 137–38 (2d Cir. 1998) (citing Farmer v. Brennan, 511 U.S. 825, 837 (1994)).  In order to prevail on his deliberate indifference claim, Smalls must show both that his medical need was serious and that Dr. Wright and Scruggs acted with a sufficiently culpable state of mind. See Smith v. Carpenter, 316 F.3d 178, 184 (2d Cir. 2003) (citing Estelle v. Gamble, 492 U.S. 97, 105 (1976)).  There are both objective and subjective components to the deliberate indifference standard.  See Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994).  Objectively, the alleged deprivation must be "sufficiently serious."  Wilson v. Seiter, 501 U.S. 294, 298 (1991).  The condition must be "one that may produce death, degeneration, or extreme pain."  See Hathaway v. Coughlin, 99 F.3d 550, 553 (2d Cir. 1996) (internal quotation marks omitted).  Subjectively, Wright and Scruggs must have been actually aware of a substantial risk that Smalls would suffer serious harm as a result of their conduct or lack thereof.  See Salahuddin v. Goord, 467 F.3d 263, 280–81 (2d Cir. 2006).

"It is well-established that mere disagreement over the proper treatment does not create a constitutional claim.  So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation."  Chance v. Armstrong, 143 F.3d 698, 703 (2d Cir. 1998).  Moreover,

negligence that would support a claim for medical malpractice does not rise to the level of deliberate indifference and is not a cognizable claim under section 1983. See Salahuddin, 467 F.3d at 280; Harrison, 219 F.3d at 139. "This principle may cover a delay in treatment based on a bad diagnosis or erroneous calculus of risks and costs, or a mistaken decision not to treat based on an erroneous view that the condition is benign or trivial or hopeless, or that treatment is unreliable, or that the cure is as risky or painful or bad as the malady." Harrison, 219 F.3d at 139.

In this case, Smalls has alleged that he suffers from a serious medical need and has presented evidence in the form of x-ray results to support his claim. The court concludes that he has sufficiently plead facts to satisfy the first prong of the deliberate indifference standard.

However, his Complaint, exhibits, and memoranda do not sufficiently allege that Dr. Wright or Scruggs acted with deliberate indifference to his injury. The only allegations against Dr. Wright were that he denied Smalls' request for an MRI and a referral to a podiatrist because he "specializes in feet." Pl.'s Compl. ¶ 27. These allegations, at most, establish a disagreement over treatment or medical malpractice, neither of which amount to an Eighth Amendment violation. Chance, 143 F.3d at 703; Harrison, 219 F.3d at 139. Although Smalls is correct that the treatment given must be adequate to pass Eighth Amendment muster, he has not alleged sufficient facts regarding the circumstances under which his request for an MRI was denied to state a claim of deliberate indifference. See, e.g., Chance, 143 F.3d at 704 (prisoner claimed that prison doctors recommended unnecessary treatment based on monetary incentives

rather than sound medical judgment); Williams v. Vincent, 508 F.2d 541, 544 (2d Cir. 1974) (prisoner's allegation that doctors simply chose to close wound rather than attempting to reattach organ could constitute deliberate indifference). His allegations that his MRI request was denied and that he still suffers pain in his ankle are insufficient to show that Dr. Wright acted with a sufficiently culpable state of mind. Smalls' contention that Dr. Wright "knowingly persisted in a course of treatment that was ineffective and left [Smalls] in extreme pain" is conclusory and devoid of factual support. Opp'n to Mot. to Dismiss (Doc. No. 38) at ¶ 5.

With respect to Scruggs, Smalls alleges that Scruggs interfered with his ability to seek treatment for his severe ankle pain by forging Dr. Wright's signature. The defendants reframe this forgery allegation more benignly as an allegation that Scruggs "signed a medical grievance for Wright" and assert—without citing support—that this action "does not violate the Eighth Amendment." Def's Response (Doc. No. 41) at 2. The court does not agree with that broad characterization, as forging a physician's signature could well indicate that a prison official was acting deliberately, as opposed to negligently, and prevented a plaintiff from receiving adequate care as a result of their exceeding their job responsibilities.

In this case, however, Smalls has not plead facts to support any negative effects from the forgery. Although Smalls asserts that Scruggs "knowingly interfered with his ability to receive treatment by diagnosing [him] and . . . forging . . . Dr. Wright's name," the facts that Smalls asserts do not plausibly support any such interference. Opp'n to Mot. to Dismiss (Doc. No. 38) at ¶ 5. For example, while forging a signature could

suggest that Scruggs prevented Smalls from seeing a physician, Smalls has not alleged

that result.[2]  The record also reflects that Dr. Wright ordered an x-ray of Smalls' ankle,

and that x-ray was completed a month later.  Id.  Thus, while the court concludes that

forging a physician's signature is relevant to the deliberate indifference analysis,

particularly with respect to the state of mind of the defendant, in this case Smalls has

failed to plead facts to show that this forgery in any way altered his treatment or

rendered it inadequate.

Finally, this court is not bound by its decision in its Initial Review Order (Doc. No.

8) that Smalls had stated a plausible claim with respect to Dr. Wright and Scruggs.  See

Torres v. McGrath, 3:15-cv-1558(VLB), 2017 WL 3262162, at *5 n.2 (D. Conn. July 31,

2017) ("The fact that this [c]ourt previously ruled that the plaintiff stated a plausible . . .

claim . . . has no bearing on its current decision to dismiss the claim").  Although initial

review orders may dismiss claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil

Procedure, a district court may not be able to make that determination without the

"benefit of an adversarial presentation."  Garewal v. Sliz, 611 Fed. App'x 926, 931 (10th

Cir. 2015) (quoting Buchheit v. Green, 705 F.3d 1157, 1161 (10th Cir. 2012)).  Since

then, Dr. Wright and Scruggs have filed two Motions to Dismiss, which gave Smalls two

opportunities to respond to their arguments and further support his claim.  In fact,

---

[2] To the contrary, the Smalls' Opposition to the Motion to Dismiss indicates that the document allegedly signed by Scruggs merely reflects what Dr. Wright concluded in an evaluation in the preceding day.  Opp'n to Mot. to Dismiss (Doc. No. 42) ¶ 3 (describing Dr. Wright's evaluation of November 29, 2016).  Smalls has not alleged that Dr. Wright drew different conclusions, much less that Dr. Wright never evaluated him.  The facts asserted therefore fail to support Smalls' statement that Scruggs interfered with his treatment.

Smalls' written oppositions and exhibits actually demonstrated that Dr. Wright was responsive to his requests for treatment, and that Scruggs' alleged forgery did not cause Smalls to receive inadequate care. On the basis of his allegations in his Complaint, the court concludes that Smalls' allegations are insufficient to establish a plausible deliberate indifference claim.

## IV.    CONCLUSION

For the foregoing reasons, Dr. Wright's and Scruggs' motions to dismiss Smalls' Complaint (Doc. Nos. 29, 34) are hereby GRANTED. The Clerk is directed to close this case. If the plaintiff can allege facts to support a deliberate indifference claim according to the standards set forth above, he may file a motion to reopen the case with an amended Complaint within **thirty (30) days** after the entry of this order.

**SO ORDERED** this 11th day of August 2017 at New Haven, Connecticut.


 /s/ Janet C. Hall
Janet C. Hall
United States District Judge